[Cite as *Carney v. Ohio Dept. of Rehab. & Corr.*, 2022-Ohio-1599.]

| | |
|---|---|
| LAKIM CARNEY | Case No. 2021-00093JD |
| Plaintiff | Judge Patrick E. Sheeran<br>Magistrate Scott Sheets |
| v. | ENTRY GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT |
| OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} Before the court is defendant's February 14, 2022 motion for summary judgment, to which plaintiff did not respond. Plaintiff's complaint alleges that corrections' officers used excessive force against him on May 10, 2020, while plaintiff was incarcerated at Madison Correctional Institution (MCI). Defendant moves for summary judgment, asserting that corrections' officers were privileged in their use of force and did not use excessive force. For the following reasons, the court GRANTS defendant's motion for summary judgment.

**Standard of Review**

{¶2} Motions for summary judgment are reviewed under the standard set forth in Civ.R. 56(C), which states, in part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is

adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

"[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of material fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). To meet this initial burden, the moving party must be able to point to evidentiary materials of the type listed in Civ.R. 56(C). *Id.* at 292-293.

{¶3} If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden outlined in Civ.R. 56(E), which states, in part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

**Facts**

{¶4} The facts are drawn from the only evidence before the court, the affidavits including attachments that were submitted with defendant's motion. On May 10, 2020, corrections officer Ahmed Camara (Camara) worked at MCI. On that day, plaintiff was handcuffed to and using the facility's JPay kiosk. After plaintiff finished, Camara released plaintiff from the JPay kiosk and attempted to cuff plaintiff behind his back when plaintiff asked if he could use the telephone. After Camara informed plaintiff that he could not use the phone due to his segregation status and while Camara had his head down, plaintiff began striking Camara in the face with a closed fist and with a hand restraint still attached to his hand. Despite Camara directing plaintiff to stop, plaintiff continued to

strike Camara, who took plaintiff to the ground while plaintiff continued to be combative and resist efforts to handcuff him. Camara struck plaintiff several times in his back and/or shoulder area but plaintiff still refused to comply. Camara's partner called for assistance. Responding officers sprayed plaintiff with O.C. spray, after which they were able to restrain plaintiff and take him to the facility's medical unit. Camara suffered cuts to his head, under his eye, across his nose, and on his wrists.

{¶5} Corrections officers are responsible for maintaining safety and security and are trained and familiar with defendant's policies and protocols related to the use of force on inmates. Camara feared for his safety and the safety of others and opines that he did not use or witness excessive force. Camara completed an incident report after the attack, which is attached to and consistent with the averments in his affidavit.

{¶6} Corrections officer Timothy Huffman (Huffman) also worked at MCI on May 10, 2020 when he heard a fellow officer call for assistance. When he arrived at the JPay kiosk area, he observed Camara bleeding from his face and struggling with plaintiff. Huffman directed plaintiff to cease resisting and to allow himself to be handcuffed, but plaintiff did not comply. Consequently, Huffman used his palm heel to strike plaintiff in his upper back and shoulders. Plaintiff continued to resist, and Huffman then deployed a short burst of O.C. spray to plaintiff's face, after which plaintiff became compliant and officers were able to cuff him. Huffman then escorted plaintiff to the shower area to be decontaminated from the OC spray, at which point plaintiff began spitting in Huffman's direction. Huffman then guided plaintiff to the wall and held him there until the shower door was opened. Plaintiff was placed in the shower and the door was secured. Huffman feared for his personal safety and the safety of other officers and also opines that he neither used nor witnessed excessive force. And, Huffman too completed an incident report, which is attached to and consistent with the averments in his affidavit.

**Decision**

{¶7} Plaintiff's allegations of unnecessary or excessive force state claims for battery and/or negligence. As stated in *Brown v. Dep't of Rehab. & Corr.*, 10th District No. 13AP-804, 2014-Ohio-1810, ¶¶ 13-14:

> To prove a claim for battery, a plaintiff must demonstrate that the defendant "act[ed] intending to cause a harmful or offensive contact, and * * * a harmful contact result[ed]." A defendant may defeat a battery claim by establishing a privilege or justification defense. However, "the use of excessive force by one privileged to use force on another may constitute battery."

> To prove actionable negligence, a plaintiff must show the existence of a duty, breach of that duty, and injury proximately caused by the breach. The state owes a duty to inmates to reasonably care for the inmates' health, care, and well-being.

As also stated in *Brown,* "Ohio Adm. Code 5120-9-01 provides guidance for determining whether a correctional officer's use of force is privileged and/or reasonable." *Id.* at 15.

{¶8} Ohio Adm. Code 5120-9-01(B)(1) defines force as "the exertion or application of a physical compulsion or constraint." Correctional officers "considering the use of force shall evaluate the need to use force based on the circumstances as known and perceived at the time it is considered." Force may be used "only to the extent deemed necessary to control the situation." Ohio Adm. Code 5120-9-01(C)(1). Among other situations, corrections officers may use force in "[s]elf-defense from physical attack or threat of physical harm." Ohio Adm. Code 5120-9-01(C)(2)(a). Force may also be used "[w]hen necessary to control or subdue an inmate who refuses to obey prison rules, regulations or orders." Ohio Adm. Code 5120-9-01(C)(2)(c). Excessive force "exceeds that force which reasonably appears to be necessary under all the circumstances surrounding the incident." Ohio Adm.Code 5120-9-01(B)(3). It must be remembered that "[t]he use of force is an obvious reality of prison life." *Brown,* 10th District No. 13AP-804, 2014-Ohio-1810 at ¶ 15.

{¶9} The evidence establishes that plaintiff, without warning, assaulted Camara and resisted the efforts of several officers to handcuff and restrain him. Plaintiff then spit in Huffman's directions and, thus, resisted when officers attempted to place him in the shower. Though officers struck plaintiff, deployed OC spray, and guided him into a wall, the evidence indicates that the officers' use of force lasted only for the time necessary to gain plaintiff's compliance and was necessary to both defend against plaintiff's attack and continued resistance and to control plaintiff who needed to be handcuffed and taken to the shower. Under these circumstances, the court finds that Camara and Huffman acted reasonably and did not violate the duty of care owed to plaintiff. The court also finds that Camara and Huffman both acted with justification and privilege in using force on plaintiff. Finally, the court finds that none of the corrections officers used excessive force. Camara and Huffman perceived plaintiff to be a threat to their safety and used force only to the extent necessary to counter the threat they perceived and to gain plaintiff's compliance after plaintiff attacked Camara and refused to be handcuffed.

{¶10} For the foregoing reasons, the court finds that there is no genuine issue of material fact and that defendant is entitled to judgment as a matter of law. Defendant's motion for summary judgment is GRANTED and judgment is hereby rendered in favor of defendant. All previously scheduled events are VACATED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK E. SHEERAN
Judge

**Filed March 28, 2022**
**Sent to S.C. Reporter 5/12/22**